**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE:<br><br>**FRATERFOOD SERVICE INC.**<br><br><br>**Debtor** | **CASE NO. 14-00002 BKT**<br>**Chapter 11**<br><br><br>FILED & ENTERED ON 10/15/2014 |

## OPINION AND ORDER

Before this court is an Application for Payment of Administrative Expense ("Motion") filed by Creditor, DDR Del Sol, LLC, S.E. ("Creditor" or "DDR Del Sol") [Dkt. No. 100], Reply to Motion for Payment of Administrative Expenses and Motion for Entry of Amended Order *Nunc Pro Tunc* filed by Debtor, Fraterfood Service, Inc. ("Debtor" or "Fraterfood") [Dkt. No. 113], Joint Motion to Inform filed by Creditor and Debtor [Dkt. No. 119], and Amended Reply to Motion for Payment of Administrative Expenses and Motion for Entry of Amended Order Nunc Pro Tunc filed by Debtor [Dkt. No. 120]. For the reasons set forth below, Creditor's Motion is GRANTED, and Debtor's Motion for Entry of Amended Order *Nunc Pro Tunc* is DENIED.

On July 10, 2002, Debtor and DDR Del Sol executed a lease agreement (the "Lease Agreement") for the lease of certain nonresidential property (the "Leased Premises"). On October 12, 2009, Debtor executed a sublease agreement (the "Sublease Agreement") over the Leased Premises with third-party, Sunny Food Corp ("Sunny Food"). DDR Del Sol consented to the Sublease Agreement with Sunny Food on October 15, 2009, as required by Section 12.7 of

1

the Lease Agreement. Including other charges due under the Lease Agreement, Debtor's rent obligation to DDR Del Sol for the month of January 2014 was $25,580.68. This amount included base rent, real estate taxes, marketing fund fee, insurance, common area maintenance, "patente" tax, and gross income tax. Subsequently, Debtor filed its voluntary petition for Chapter 11 reorganization relief on January 2, 2014.

On January 28, 2014, DDR Del Sol received a check from the Debtor in the amount of $25,580.68 dated January 1, 2014, representing that month's rent obligations. This check was deposited by DDR Del Sol and the funds cleared its bank on February 3, 2014.

On March 25, 2014, Debtor filed an Urgent Motion for Rejection of Non-Residential Lease Contract whereby it requested this Court's approval to reject the Lease Agreement. That same day, this Honorable Court granted ten (10) days for DDR Del Sol to reply to Debtor's rejection of the Lease Agreement.

On April 1, 2014, DDR Del Sol filed a motion, *inter alia*, acquiescing to Debtor's rejection of the Lease Agreement. As a result, on April 7, 2014, this Court entered an order granting Debtor's rejection of the Lease Agreement.

On April 10, 2014, DDR Del Sol filed a Motion for Allowance of Administrative Payment. DDR Del Sol attached an exhibit to said motion detailing $78,537.23 as rent and other charges due and owing for the month of April. On April 24, 2014, the Debtor filed a motion requesting a *nunc pro tunc* order making the effective date of this Court's granting of the Debtor's rejection of the Lease Agreement the same date that the Debtor filed said motion, i.e. March 25, 2014. That amendment in turn would allow the Debtor to avoid the incurrence in the rent and other charges for the month of April as administrative expenses. Several more motions

2

were filed by the parties addressing this issue, and a hearing was held by the court to consider oral arguments.

Debtor's intention is to have this Court impart retroactive effect to the rejection order, when no such request was originally sought in its rejection motion. It is well settled in the First Circuit that "rejection under section 365(a) does not take effect until judicial approval is secured, but [that] the approving court has the equitable power, in suitable cases, to order a rejection to operate retroactively." In re Thinking Machines Corp., 67 F. 3d 1021, 1029 (1st Cir. 1995). However, in the case at bar, Debtor initially did not request, nor did this Court consider, that the rejection of the Lease Agreement would be afforded retroactive effect. Debtor must affirmatively request such retroactive effect. In re Leather Factory Inc., 475 B.R. 710, 713 (Bankr. C.D. Cal. 2012) (stating the "the statute is clear and the control of the date of rejection is in the hands of the trustee, not of the landlord").

Furthermore, Debtor has not clearly established that this case's circumstances make it suitable for this Court to grant retroactive relief. Debtor states in its *nunc pro tunc* motion that it rejected the Lease Agreement in order to stop April's rent from accruing. However, if that was Debtor's intention, it should have requested from the onset that any eventual approval of the Lease Agreement's rejection be afforded retroactive effect to the filing date of the rejection motion.

DDR Del Sol's application for payment of its post-petition, pre-rejection rent claim was filed on April 10, 2014 for an amount of $78,537.23. As per P.R. LBR 9013-1(c), the application for payment included a notice with "14-day objection language." Said term was set to expire on April 24, 2014. On April 24, 2014, Debtor filed its *nunc pro tunc* motion to have this Court

impart retroactive effect to the lease rejection order. However, Debtor did not bring forward in that motion any argument directed against DDR Del Sol's calculation of or entitlement to its $78,537.23 claim. In other words, Debtor did not present this Court with any proper argument whatsoever against DDR Del Sol's claim within the 14-day objection period established by P.R. LBR 9013-1(c). Debtor's only act directed against DDR Del Sol's claim was limited to stating that "it would be unequitable [sic] and unfair for DDR [Del Sol] to try to collect rent in full for April 2014, when the rejection order was entered in [sic] the seventh day of April." [Dkt. No. 120, ¶ 10].

It would be a stretch of the imagination to classify Debtor's statements as an objection to DDR Del Sol's claim. Debtor did not attempt to state with particularity the pertinent facts or reasons why DDR Del Sol's claim over April 2014's rent would be inequitable or unfair, nor did it seek the disallowance of April 2014's rent as relief. Fed. R. Bankr. 9013 clearly states that a "motion shall state with particularity the grounds therefore, and shall set forth the relief or order sought." Fed. R. Bankr. 9013. Furthermore, P.R. LBR 9013-2(a) states that:

> "any motion or response thereto must be accompanied by a supporting memorandum that contains the points and authorities in support of the party's position, together with any affidavits or documents in support thereof. The memorandum must also include specific reference to the applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, these LBRs, and/or other controlling authorities."

P.R. LBR 9013-2(a). It was not until May 20, 2014, by way of a sur-reply, that Debtor presented for the first time a short and plain statement of its objection to DDR Del Sol's claim, and demanded that said claim be limited to $25,851.73. Debtor's objection to DDR Del Sol's application for administrative expense came forty (40) days after the claim was filed. This was

4

significantly beyond the 14-day objection period provided by P.R. LBR 9013-1(c). As such, it is not only untimely, but it failed to properly create a contested matter.

In light of the above mentioned, it would seem reasonable for this Court to conclude that DDR Del Sol's application for post-petition, pre-rejection rent be granted because it was untimely opposed. However, Debtor raises an additional issue as to the total administrative expense claim by DDR Del Sol that gives the court pause. Said issue is whether it was legal and/or appropriate for DDR Del Sol to apply the check dated January 1, 2014 to the pre-petition January rent obligations on February 3, 2014 (32 days post-petition) without prior court authorization.

In addressing this issue in a light most favorable to the Debtor, the court answers said inquiry in the negative. However, that would result in twenty-nine (29) days of post-petition rent obligations for the month of January being due and owing as administrative expenses. Calculating twenty-nine (29) days of rent obligations on a per diem basis from a total monthly amount due for January of $25,580.68, gives a prorated amount due of $23,930.31. Therefore, the total administrative expense amount of $78,537.23 being requested by DDR Del Sol should be reduced by $1,650.37. This reduction represents the two (2) days of January that were pre-petition, for a new total of $76,886.86.

WHEREFORE, IT IS ORDERED that Debtor's request for *nunc pro tunc* order is DENIED and DDR Del Sol's Application for Payment of Administrative Expense [Dkt. No. 100] is GRANTED in the total amount of $76,886.86.

5

In San Juan, Puerto Rico this 15th day of October, 2014.

Brian K. Tester
U.S. Bankruptcy Judge
for the District of Puerto Rico